## DENNIS JONES *v.* THE STATE.

MURDER — CHARGE OF THE COURT. — In trials for murder, the charge to the jury must define or explain the legal signification of the term *malice*. A conviction for murder in the first degree will be set aside, on appeal, if the jury were not so instructed, or not instructed on the distinction between express and implied malice.

APPEAL from the District Court of Washington. Tried below before the Hon. B. H. BASSETT, Special Judge.

The appellant and Emma Butler were jointly indicted for the murder of Sam Butler, by shooting him with a pistol, on May 11, 1878. Emma Butler was the second wife of the deceased, and it appears that she had been the occasion of contention and trouble between her husband and the appellant. They were all colored people, as were also nearly all of the witnesses. The appellant was separately tried.

The evidence clearly established the fact of the killing of the deceased in his own house, and that it was committed by the appellant with a pistol. A son of the deceased by his first wife was the principal witness for the State. According to his testimony, the appellant kicked open a door and fired upon the deceased without provocation, striking him in the breast, and occasioning almost instant death. On his cross-examination, this witness denied that just prior to the killing he had gone to the appellant's house and told him that the deceased wanted him (the appellant) to come over and see him on particular business. Two witnesses for the defence contradicted this denial. In some other respects there was a conflict of testimony between witnesses for the State and for the defence.

The jury found the appellant guilty of murder in the first degree, and his motion for a new trial was overruled.

*F. D. Jodon*, for the appellant.

*W. B. Dunham,* Assistant Attorney-General, for the State.

ECTOR, P. J.   The appellant, Dennis Jones, was jointly indicted with one Emma Butler for the murder of Sam Butler.   A severance was granted, and the appellant was alone placed on trial.   He was convicted of murder in the first degree.   The charge of the court submits to the jury all the degrees and grades of homicide known to the Code, but nowhere tells the jury what malice is, or draws the distinction between murder upon express and implied malice. This should have been done.   For this omission in the charge of the court, the judgment must be reversed.   We deem it unnecessary to notice the other errors assigned.

The judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*